UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAUREEN E. McNAMARA,<br>Plaintiff,<br>v.<br><br>CITY OF NEW BEDFORD, NEW BEDFORD POLICE DEPARTMENT, PATROLMEN ANDY SIMMONS, GREG DEMERSE and PAUL SILVA,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 06-270 ML |

**ORDER RE**
**MOTIONS TO QUASH AND/OR FOR PROTECTIVE ORDER**

Before the Court are two motions filed by Newport Hospital, Motion to Quash and/or for Protective Order (Document ("Doc.") #7 ("First Motion") and Motion to Quash and/or for Protective Order (Doc. #8) ("Second Motion") (collectively the "Motions"). The First Motion seeks to quash a subpoena for the medical records of Dora S. Graca ("Ms. Graca") regarding treatment provided to her by Newport Hospital on July 3 and/or 4, 2003. The Second Motion seeks identical relief relative to the medical records of Shaun P. Sullivan ("Mr. Sullivan") for the same dates. A hearing on the Motions was conducted on September 11, 2006.

After listening to oral argument and reviewing the records in camera, the Court makes the following rulings:

1. **The First Motion (regarding the records of Ms. Graca) is GRANTED.** The address which Defendants utilized to send Ms. Graca notice of her right to challenge the subpoena, see R.I. Gen. Laws § 5-37.3-6.1(a), is more than three years old, and the notice was returned to Defendants as undeliverable, see Defendants' Memorandum of Law in Support of Objection to Motion to Quash/Protective Order at 5; id., Ex. 3 (photocopy of envelope bearing "return to sender" sticker). Defendants are directed to

contact Plaintiff's attorney and inquire whether Plaintiff has a more recent address for Ms. Graca or has any information regarding how she may be contacted.[1]

If Defendants are able to obtain a more recent address for Ms. Graca, Defendants may reissue the subpoena (giving notice to Ms. Graca of her right to challenge the subpoena prior to the date scheduled for the records deposition). Newport Hospital may then file a motion to quash and/or for protective order relative to such subpoena. To reduce the burden on Newport Hospital and Defendants relative to such motion, they may incorporate by reference the arguments made in connection with the instant Motions and need not repeat such arguments. The Court does not intend to conduct another hearing regarding the subpoena and the motion to quash and/or for protective order, but will rule based upon the papers unless there is reason to believe that Ms. Graca has received the notice sent to her.[2]

If Defendants are unable to obtain a more recent address for Ms. Graca, counsel for Defendants shall file an affidavit, describing what efforts have been made to obtain a current address. Upon receipt of such affidavit, the Court will review it and consider vacating that portion of this Order which grants the First Motion.[3] If the Court vacates that portion of the

---

[1] The Court directs that counsel for Plaintiff cooperate fully with Defendants and provide any information which will assist Defendants in locating Ms. Graca.

[2] Counsel for Defendants is directed to notify Deputy Clerk Martha Saucier as to whether the notice sent to Ms. Graca is returned. If it is not returned, the Court will conduct a hearing on the motion to quash and/or for protective order. If the notice is returned, the Court will rule upon the motion to quash and/or for protective order based on the papers filed.

[3] This procedure differs somewhat from that which the Court orally described at the conclusion of the hearing on September 11, 2006. Upon further reflection, the Court sees no point in requiring Defendants to go through the exercise of issuing a new subpoena if

Order, the Clerk will notify counsel for Defendants that he may take possession of the records pertaining to Ms. Graca which the Court has reviewed in camera.

2. **The Second Motion (regarding the records of Mr. Sullivan) is DENIED.** The Court finds that information contained in the health care records is relevant to the trial of this action and that the need for the information clearly outweighs the privacy interest of Mr. Sullivan. See R.I. Gen. Laws § 5-37.3-6.1(d) (2004 Reenactment). In reaching this conclusion, the Court has considered the six factors listed in R.I. Gen. Laws § 5-37.3-6.1(e). Accordingly, the Clerk is directed to notify counsel for Defendants that he may take possession of the copies of the records of Mr. Sullivan which the Court has reviewed in camera.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
September 11, 2006

BY ORDER:

Deputy Clerk

they are unable to obtain a better address for Ms. Graca. It makes more sense to simply vacate that portion of this Order which grants the First Motion and to direct Deputy Clerk Saucier to notify counsel for Defendants that he may take possession of the records pertaining to Ms. Graca which the Court has reviewed in camera.